# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# at ASHLAND

**Civil Action NO. 10-8-HRW**

**DWAIN P. PORTER, D.C.,**
**and**
**PORTER CHIROPRACTIC PLLC,**                    **PLAINTIFFS,**


**v.**            **MEMORANDUM OPINION AND ORDER**


**ANTHEM HEALTH PLANS OF KENTUCKY, INC.**
**d/b/a/ ANTHEM BLUE CROSS AND BLUE SHIELD,**        **DEFENDANT.**

This matter is before the Court upon the following:

(1)    Defendant's Motion to Excuse Compliance with FRCP 26(a) and

FRCP 26(f) [Docket No. 8];

(2)    Plaintiffs' Motion to Remand to State Court [Docket No. 9];

(3)    Defendant's Motion to File Exhibit Under Seal [Docket No. 12] and

(4)    Defendant's Motion to Amend Answer [Docket No. 13].

Plaintiffs are a chiropractor and his practice who are authorized network

providers of Defendant Anthem Health Plans of Kentucky ("Anthem").   This

civil action is for damages resulting from the alleged "wrongful recoupment" by

Anthem of benefit payments it made to Platinffs for specific claims made by

Plaintiffs to Anthem for services rendered to their patients.  The subject amounts

were recouped by Anthem from Plaintiffs by withholding payment claims made by

Plaintiffs for services rendered to other patients.  Anthem recouped the benefits

after determining that the benefits were not properly payable under the terms of

the patients' plans.   Plaintiffs allege that these determinations were incorrect and

the recoupment wrongful.

The plans at issue are, by vast majority, governed by the Employee

Retirement Income Security Act of 1974 ("ERISA"), which includes a plan

administered by Anthem.

This case was originally filed by Plaintiffs in Boyd Circuit Court, Boyd

County, Kentucky.  Defendant filed a Notice of Removal, alleging that this Court

had jurisdiction over Plaintiffs' case pursuant to 28 U.S.C. § 1331.[1]  Specifically,

Defendant stated that Plaintiffs' claims were ERISA claims and, as such, the

doctrine of complete preemption, as set forth in ERISA, warrants removal of

Plaintiffs' lawsuit to federal court.

Plaintiffs seek a remand of this matter, arguing that it is not an ERISA case

but, rather, a breach of contract case, and, as such, is a creature of state law.

---

[1]     To the extent that any of the patients whose claims are involved in this matter and
are not governed by ERISA, Anthem requested that this Court exercise supplemental jurisdiction
over those claims pursuant to 28 U.S.C. § 1367.

Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the Defendant" to federal court. 28 U.S.C. § 1441(a). District courts have original jurisdiction if the case presents a "federal question" or if the case "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Generally, a Defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law. However, a well-established exception to the well-pleaded complaint rule permits removal when a federal statute wholly displaces the state-law cause of action through complete preemption. *See generally, Beneficial Nat. Bank v. Anderson*, 539 U.S. 1 (2003). This is so because "[w]hen the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.* at 8. ERISA is one such statutes.

Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133 (1990).

The pre-emptive ambit of ERISA § 502(a) is all-inclusive.  Thus, causes of action within the scope of the civil enforcement provisions of § 502(a) are removable to federal court.

Section 502 provides in pertinent part:

> A civil action may be brought-(1) by a participant or beneficiary-... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 502(a)(1)(B).

Further, the Complaint need not include the term "ERISA" at all. "Complete" preemption means that if the claim *could have* been brought under ERISA, it is preempted by ERISA.

Defendant argues that this case could have been brought under ERISA and is thus subject to federal jurisdiction.  The Court agrees.

First, Plaintiffs are, indeed, "beneficiaries" who have standing to sue under ERISA.   Although not plan subscribers, by submitting claims for payments, Plaintiffs have taken assignments of benefits under ERISA based benefits plans. Thus, Plaintiffs have standing to bring an ERISA claim.  *See e.g.,Cromwell v. Equicor-Equitable HCA Corp.,* 944 F.2d 1272 (6th Cir. 1991); *Kennedy v.*

4

*Connecticut General Life Insurance Company*, 924 F.2d 698 (7th Cir. 1991).

In addition, Plaintiffs' claim sounds in ERISA.  Absent  ERISA, there would be no obligation between the parties.  Of note in this regard is United States Supreme Court decision in which  participants in an ERISA plan sued the plan administrators in tort, alleging injury arising from the administrators' decisions to deny coverage for certain treatments.  *Aetna Health, Inc. v. Davilla*, 542 U.S. 200 (2004).  The Supreme Court rejected the Plaintiffs' argument that the action sounded in state tort law, finding that liability only exited because of the ERISA plans that bound the parties.  *Id.*

As in *Davilla*, that Porter and his practice have a provider contract with Anthem does not, in and of itself, create an independent legal duty for Anthem to make payments to Porter.  What is payable, and, more importantly,  what is not is defined by the terms of the benefit plans and, thus, governed by ERISA.

In urging remand, Plaintiffs rely upon a case in which a chiropractor sued an HMO in state court, asserting breach of contract.  *Ward v. Alternative Health Delivery* Systems, 261 F.3d 624 (6th Cir. 2001).  Specifically, in *Ward*, the plaintiff chiropractor claimed that the Defendant HMO breached their contract by not informing  her of the administrative fee for participating in the network, by unjustifiably lowering the reimbursement rate for chiropractors in her network and

5

discriminating against her and other chiropractors in favor of other health care providers. The Defendant HMO asserted that the Plaintiff lacked standing under ERISA. The district court agreed yet retained jurisdiction the remaining state law claims. Writing for the 6th Circuit panel, Judge Merritt, found remand to state court to be appropriate. He reasoned that the original claim was not federal in any way. The fact that plaintiff may be entitled to payment from defendants as a result of her clients' participation in an employee plan does not make her a beneficiary for the purpose of ERISA standing.

Plaintiffs' reliance upon *Ward* is misplaced. *Ward* differs from the instant matter in that the chiropractor in Ward had not received payment for specific claims. As discussed by the Court in *Davilla*, an actual payment to the provider creates an assignment of benefits, thereby endowing the provider with standing to bring an ERISA claim. This distinction is dispositive in this context. for complete preemption.

Logic, too, dictates the exercise of federal jurisdiction in this case. The alleged wrongful recoupment is only wrongful if Anthem erred in its interpretation of the health coverage plan. In other words, this case involves the interpretation of health plans under ERISA.

As for the remaining motions, the Court finds them to be of merit and they will be sustained.

Accordingly, **IT IS HEREBY ORDERED** that:

(1)    Defendant's Motion to Excuse Compliance with FRCP 26(a) and FRCP 26(f) [Docket No. 8] be **SUSTAINED**;

(2)    Plaintiffs' Motion to Remand to State Court [Docket No. 9] be **OVERRULED**;

(3)    Defendant's Motion to File Exhibit Under Seal [Docket No. 12] be **SUSTAINED** and that the exhibit referred to therein be **FILED UNDER SEAL** and

(4)    Defendant's Motion to Amend Answer [Docket No. 13] be **SUSTAINED**.

This 18th day of March, 2010.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

_____

Henry R. Wilhoit, Jr., Senior Judge

7